# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ARTURO CORREA, et. al.
    Plaintiffs
        v.                           Civil No. 97-1105(SEC)
CRUISERS, et. al.
    Defendants

## ORDER

| MOTION | RULING |
|---|---|
| **Docket #59**<br>**Cruiser's Motion to Amend Pre-Trial Order** | **DENIED.** The Court finds that defendants in the above-referenced case have had ample and sufficient time to conduct discovery in regards to damages. A case management order was issued on May 27, 1997 **(Docket #9)** setting the deadlines for the procedural track in the above-referenced case. This order, at page 4, clearly warns the parties that *the filing of a dispositive motion does not interrupt the deadlines set by the Court* therein. Therefore, in the absence of a Court's order indicating otherwise, the defendants simply could not assume that discovery regarding damages was stayed pending this Court's adjudication of the then pending motions for summary judgement. In order to stay discovery in this way, the defendants were required to request a Court order. However, the defendants failed to do so and no such order exists in this case.<br>    Furthermore, the defendants failed to alert the Court of their intentions in any other way. In the Proposed Pre-Trial Order filed by the parties on May 21, 1998**(Docket #21)**, none of the defendants requested an extension of time to depose plaintiffs' witnesses relating to damages, and none reserved the right to depose plaintiffs witnesses in that regard, provided that defendants' motions for summary judgement were denied. In fact, it is not until the Court sets a deadline for filing amendments to the pre-trial order that the defendants notify the Court of their intentions.<br>    This case has been ready for trial since September 13, 1999, when the Court disposed of defendants' motions for summary judgement**(Docket #53)**. For this purpose, the Court provided the parties until October 1, 1999 to file an amended pre-trial order if necessary. At this stage of the proceedings, the Court simply will not allow the reopening of discovery for purposes of deposing about nine (9) witnesses that were announced by plaintiffs well over a year and a half ago (!!). The Court considers that any further delays at this point would be unjustified. Therefore, the Court will proceed to set a date for holding the pre-trial/settlement conference, according to its calendar and will proceed to notify the parties at the appropriate time. |
| **Docket #61**<br>**Reply to Opposition to Defendant's Request to Reopen Discovery** | Denied. <u>See</u> above. |



Civil No. 97-1105(SEC)                                                                                           2

| MOTION | RULING |
|---|---|
| **Docket #62**<br>**Motion for the Setting of a**<br>**Pretrial/Settlement Conference** | **GRANTED.** The Court will set a date according to its calendar and the parties will be notified. |

DATE: January *19*, 2000

SALVADOR E. CASELLAS
United States District Judge