IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ARTURO CORREA, et. al.           *
                                 *
        Plaintiffs               *
                                 *    Civil No. 97-1105(SEC)
        v.                       *
                                 *
CRUISERS, A DIVISION OF KCS      *
INTERNATIONAL, INC., et. al.     *
                                 *
        Defendants               *
*************************************

**OPINION AND ORDER**

Pending before the Court is Plaintiffs' motion to amend the judgment in order "to condemn the defendants to the payment of future dockage, license and insurance premium fees." **(Docket #94)**. Co-defendant Cruisers opposed said motion. **(Docket #106)**. Also, Plaintiffs filed a related motion "submitting further invoices regarding dockage and insurance" expenses, which is currently unopposed. **(Docket #109)**. After consideration of the parties' arguments along with other documents in the record, Plaintiffs' motion to amend the judgment, **(Docket #94)**, is **GRANTED**. In addition, Plaintiffs' posterior motion submitting further invoices regarding dockage fees and insurance expenses, **(Docket #109)**, is **GRANTED** in consonance with the terms of this Opinion.

I.   **Procedural Background**

This is a case for breach of warranty, breach of contract and resolution of a purchase agreement, arising out of a sales contract whereby the Plaintiffs acquired from Co-defendant Cruisers a yacht which was defective. The jury trial in the case was held from March 6, 2000, (Docket #77), to March 16, 2000. (Docket #88). The jury's verdict indicated that Co-Defendants Cruisers and Crusader Engines, Thermo Power Corporation ("Crusader"), were liable to the Plaintiffs on their

**Civil No. 97-1105(SEC)**                                                                                           2

breach of warranty claims because the boat that Plaintiffs' purchased from Cruisers was defective and the Co-defendants failed to effectively repair it as provided by law. (Docket #90). In addition, the jury specified the amounts recoverable as damages proven by the Plaintiffs. (Docket #90 ¶ 6-11). Among the damages awarded were the price of the boat, dockage fees, maintenance costs, repair fees, insurance premiums, and license fees. (Id.) Pursuant to the jury's verdict, on March 23, 2000, the Court entered judgment for the Plaintiffs and awarded them the amounts specified in the verdict form. (Docket #93 ¶1). In addition, in conformity with the law, the Court ordered the Plaintiffs to return the boat to the Co-defendants. (Docket #93 ¶2).

On March 28, 2000, Plaintiffs filed a motion to amend the judgment. (Docket #94). Through said motion, Plaintiffs requested that the terms of the judgment be amended to reflect the fact that they had "become the legal custodians of the subject vessel" and that as a result of the legal obligations imposed upon them by the Puerto Rico Civil Code, there were "required to guard the subject boat with due diligence ... and are potentially liable to the defendants for any damage sustained by the subject vessel" before its delivery and acceptance by the Defendants. (Id. at 2-3). Therefore, Plaintiffs claimed that, since they had to continue incurring substantial expenses in the conservation of the boat, the Defendants were obligated to reimburse them such expenses until the judgment became final. In that sense, Plaintiffs requested that the Court impose on Defendants the obligation to reimburse them for expenses incurred in the conservation of the vessel, such as dockage fees, insurance premiums, maintenance costs and license fees paid by them from the time of entry of the judgment, until such time as it becomes final and the Defendants accept the possession and title to the boat in question. (Id. at 4).

**Civil No. 97-1105(SEC)**                                                                                                 3

      Co-defendant Cruisers opposed Plaintiffs' motion to amend the judgment on grounds that "the payments are speculative and ... of such a nature that defendants have no control over the[ir] amount and reasonableness..." (Docket #106 at ¶ 2). In addition, they asserted that Plaintiffs did not even suggest a reasonable amount for the Court to consider and that for the Court to grant their motion without the benefits of evidence presented in that regard, would violate due process. (Id.)[1]

      Finally, in connection with this matter, Plaintiffs filed on June 16, 2000 a motion requesting payment on further expenses they incurred on dockage and insurance fees since the entry of the judgment. (Docket #109). Through this motion, Plaintiffs informed the Court that the defendants had failed to pay the Judgment and to take delivery of the vessel object of the lawsuit. Consequently, Plaintiffs had incurred additional expenses for dockage fees and insurance premiums corresponding to the months of April, May and June of 2000. The additional expenses totaled one thousand eighteen dollars ($1,018.00) for dockage fees and two thousand nine hundred sixteen dollars ($2,916.00) for insurance premiums. (Id. at 1). Plaintiff attached a copy of the invoices for those amounts to their motion.

      On June 22, 2000 an appeal filed by Co-defendant Crusader was dismissed by the First Circuit Court of Appeals, therefore the Judgment became final. (Docket #110).

---

[1] Cruisers' motion is completely devoid of legal precedent on this issue. The rest of Cruisers' motion, although entitled "Motion in Opposition to Plaintiff's Motion to Amend Judgment," is actually a request by them to amend the judgment in order "to disallow the item ... regarding interest over the purchase price, computed since the date of the delivery to the plaintiffs of the boat." (Docket #106 ¶ 2). In so far as Defendant's motion seeks to amend the judgment entered on March 23, 2000, it is untimely, since Fed.R.Civ.P. 59(e) specifically provides that: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Cruisers' "Opposition" (requesting amended judgment) was filed on May 3, 2000. Therefore, the Court will abstain from considering that issue.

**Civil No. 97-1105(SEC)** 4

## II. Analysis of Applicable Law

The Puerto Rico Civil Code (1930) provides that a bailee "is obliged to keep the thing, and, when required, to return it to the bailor or to his legal representatives, or to the person who may have been designated in the contract." P.R. Laws Ann. tit. 31 § 4661 (1991). His care in keeping the thing object of the deposit, is required to be that of "a good father of a family." P.R. Laws Ann. tit. 31 § 4714 (1991). Moreover, in performing those obligations, the bailee may incur expenses which are reimbursable by the bailor. In particular, the Civil Code provides that: "A bailor is obliged to reimburse the bailee for the expenses he may have incurred in the preservation of the thing bailed, and to indemnify him for all of the injuries he may have suffered by reason of the *depositum*." P.R. Laws Ann. tit. 31 § 4681 (1991). On the other hand, the bailee remains liable to the bailor for his failure to comply with the obligation to guard and keep the thing object of the deposit with diligent care. <u>M.A. Caribbean Corp., et. al. v. Caribbean Rustproofers, Inc., et. al.</u>, 115 D.P.R. 681, 684 (1984).

In the present case, our Judgment had the effect of placing the Plaintiffs in the position of a bailee under the Civil Code. This means that until the Defendants take possession of the thing object of the deposit (the vessel object of this litigation), Plaintiffs remain liable to the Defendants for the loss of the vessel and for their lack of due care in maintaining it. In their exercise of due care, Plaintiffs have incurred additional post-judgment expenses which were not accounted for in the Judgment and which are reimbursable pursuant to Article 1679 of the Civil Code, P.R. Laws Ann. tit. 31 § 4681 (1991). Defendants' bald assertion that the *a priori* authorization of the payment of such expenses to the Plaintiffs would violate due process, is rejected by the Court. The Civil Code is clear in establishing that such amounts are due to the Plaintiffs until the Defendants take

Civil No. 97-1105(SEC)                                                                 5

possession of the boat, so long as they were incurred in the discharge of their legal obligations as bailees.

Accordingly, Plaintiffs' motion to amend the judgment, **(Docket #94)**, is **GRANTED**. Additionally, in connection with this Opinion, the Defendants are **ORDERED** to pay to Plaintiffs the amounts specified in Plaintiffs' motion of June 16, 2000. **(Docket #109)**. If there are any additional expenses incurred after June 16, 2000 related to the upkeep of the vessel object of this suit, the Plaintiff may inform the Court, and upon review and approval, the Court shall order their payment in conformity with this Order.

**SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of December, 2000.

SALVADOR E. CASELLAS
United States District Judge