IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ARTURO CORREA, ET AL

Plaintiffs

v.

CRUISERS, A DIVISION OF KCS
INTERNATIONAL, INC., ET AL

Defendants

CIVIL NO. 97-1105 (SEC)

Taxation of Costs

## TAXATION OF COSTS

On March 23, 2000, a judgment was entered in favor of plaintiffs and against defendants (Docket No. 93). As prevailing party, plaintiffs moved for taxation of costs (Docket No. 96). Co-defendant Cruisers opposed to plaintiffs' bill of costs on May 2, 2000 (Docket No. 104). On May 5, 2000, co-defendant Crusader Engines, Thermo-Power Corporation joined Cruisers in said motion and in the relief requested therein (Docket No. 107). The judgment entered was amended on December 15, 2000 and August 8, 2002, but the imposition upon the losing party to reimburse costs to plaintiffs remained unchanged (Docket No. 130).

Plaintiffs seek recovery of the following items of costs: (1) filing fee - $150.00; (2) court reporter fees and other deposition expenses - $6,699.27; (3) witness fees - $11,012.00; (4) service of subpoenas - $390.00; and (5) other expenses - $3,149.02.[1]

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than

---

[1] Plaintiffs failed to properly group and itemize the expenses requested. Thus, for purposes of this taxation of costs the Clerk has grouped said expenses accordingly.

attorneys' fees shall be allowed as of course to the prevailing party."  Furthermore, 28

U.S.C. § 1920 allows the prevailing party to recover the following as costs:

      (1)     Fees of the clerk and marshal;

      (2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

      (3)     Fees and disbursements for printing and witnesses;

      (4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;

      (5)     Docket fees under section 1923 of this title;

      (6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.  See, 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party,

and within the statutory framework of costs eligible to be taxed, the district court has

discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North

America, Inc., 834 F. 2d 136, 140 (8th Cir. 1987), citing Crawford Fitting Co. v. J.T.

Gibbons, Inc., 482 U.S. 437, 441 (1987).

Plaintiffs failed to make use of AO Form 133, as required by the Taxation of Costs

Guidelines. Also, as noted by defendants, plaintiffs failed to properly itemize the expenses

claimed and attach supporting documentation.  The Clerk also noted that plaintiffs failed

to submit a memorandum of law in support of their claims.    See Taxation of Costs

Guidelines.    Notwithstanding the above, the Clerk of Court, having reviewed the

abovementioned bill of costs, defendants' opposition and the record, makes the following

determinations.

Civil No. 97-1105 (SEC)                                                         Page -3-

**Fees of the Clerk.**  Plaintiffs seek recovery of the $150.00 filing fee.  (Verified Bill

of Costs, Item 1).  Taxation of the clerk's fees as costs is specifically allowed by 28 U.S.C.

§ 1920 (1).  Therefore, recovery of the $150.00 claimed as costs for fees paid to the Clerk

of Court is allowed.

**Court Reporter Fees and other Deposition Expenses.**  Plaintiffs seek recovery

of the following deposition expenses.

| Item No. | Description | Amount |
|---|---|---|
| 4. | Nortesa Reporters<br>Court reporter fees for the depositions of Mr. Osmani del Pino, Mr. Guillermo Cidre and Mr. José A. Rodríguez | $ 760.00 |
| 5. | APS International, Ltd.<br>Court reporter fees for the depositions of Mr. Ken Hayes, of Cruisers, Mr. Gerald Scott, of Cruisers, Mr. Andrew Prietz, of Crusader and Mr. Gary Bishop, of Crusader. | $ 1,476.00 |
| 7. | Bonafide Bilingual Reporters<br>Court reporter fees for the taking of the deposition of Mr. Jim Viestenz, of Cruisers. | $ 296.00 |
| 8. | Crespo & Rodríguez<br>Court reporter fees for the taking of the deposition of Mr. Paul Doppke, Crusader's expert witness. | $ 342.80 |
| 9. | Bonafide Bilingual Reporters<br>Court reporter fees for the taking of the deposition of Mr. Carlos Suárez, Cruiser's expert witness. | $ 560.00 |
| 20. | Lodging Expenses<br>In Green Bay, Wisconsin, and Detroit, Michigan, for R. Schell-Asad, Esq., and plaintiff A. Correa, for the taking of the depositions of Cruisers and Crusader (Fed.R.Civ.P. 30(b)(6)), Ken Hayes, Gerald Scott, Gary Bishop and Andrew Prietz.  Includes rental of conference room at Green Bay for the taking of deposition of Mr. Ken Hayes of Cruisers. | $ 1,136.00 |

Civil No. 97-1105 (SEC)                                                              Page -4-

| | | | |
|---|---|---|---|
| 21. | Airfare<br>From San Juan, Puerto Rico to Green Bay, Wisconsin,<br>to Detroit, Michigan to San Juan, for R. Schell-Asad,<br>Esq., and A. Correa, in relation to the depositions<br>disclosed in the preceding paragraph. | $ | 1,986.30 |
| 24. | Kathleen Fegers<br>Court Reporter, transcript of the testimony of Mr.<br>Guillermo Cidre. | $ | 49.00 |
| 25. | Car Rental<br>Car rental in Detroit, Michigan, to assist to the<br>depositions of Crusader's personnel. | $ | 93.17 |
| | Total court reporter fees and other deposition expenses | $ | 11,012.00 |

"Although there is no express statutory authorization for the taxation of deposition expenses as costs, courts have generally held that the cost of taking and transcribing depositions fits within [28 U.S.C. § 1920 (2)]." Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority, 193 F.R.D. 26, 38 (D.P.R. 2000), citing Templeman v. Chris Craft Corp., 770 F. 2d 245, 249 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985).

Plaintiffs failed to include in their bill of costs the corresponding documentation to substantiate the expenses claimed.  See Taxation of Costs Guidelines.  Thus, said expenses should be denied.  Notwithstanding the above, due to the reasons stated hereunder the Clerk of Court finds that the deposition expenses claimed by plaintiffs are not taxable.

Pursuant to 28 U.S.C. § 1920 (2), the court reporter's attendance fee and the cost of transcribing depositions are allowed if the same are: introduced as evidence at trial in lieu of live testimony; used for impeachment purposes; or, used in connection with a successful motion for summary judgment. See, Chris Craft Corp., 770 F.2d at 249; United

States v. Davis, 87 F. Supp. 2d 82, 87 (D.R.I. 2000); Donnelly v. Rhode Island Board of

Governors for Higher Education, 946 F. Supp. 147, 151 (D.R.I. 1996).

> ... if a deposition is not introduced into evidence or used at trial, it is within
> the discretion of the district court to tax deposition costs if special
> circumstances warrant it... This Court refined this standard further when it
> held that for depositions not used at trial, the determining factor is whether
> the deposition reasonably seemed necessary at the time it was taken. Puerto
> Rico Ports Authority, 193 F.R.D. at 38 (quotations and citations omitted).

In the opposition to the bill of costs, defendants allege that none of the transcripts

of the abovementioned depositions were submitted as evidence during trial or used for

impeachment purposes.   Plaintiffs failed to provide information on the use of said

depositions during trial or to explain how the same reasonably seemed necessary at the

time they were taken.   Therefore, recovery of court reporter fees for the depositions of

Osmani del Pino, Guillermo Cidre, José A. Rodriguez, Jim Viestenz, Paul Doppke and

Carlos Suarez are hereby denied. (Verified Bill of Costs, Items 4-5, 7-9 & 24).

Regarding the taxation of $3,215.47 for lodging, airfare and car rental expenses

related to the depositions of Ken Hayes, Gerald Scott, Garry Bishop and Andrew Prietz,

the same are also not taxable.   First, the depositions to which the abovementioned

expenses are related were not taxed as costs.   Moreover, it is well settled that attorney's

travel expenses related to taking of depositions are generally not taxed as costs, except

in exceptional circumstances.   Riofrio Anda v. Ralston Purina Co., 772 F. Supp. 46, 55

(D.P.R. 1991), aff'd on other grounds, 959 F. 2d 1149 (1st Cir. 1992). See also, Hollenbeck

v. Falstaff Brewing Corp., 605 F. Supp. 421, 439 (D.Mo. 1984), affd. 780 F. 2d 20 (8th Cir.

1985) (Absent extraordinary or compelling circumstances, travel of attorneys is not a

taxable cost of taking depositions).   Plaintiffs failed to explain what exceptional

Civil No. 97-1105 (SEC)                                              Page -6-

circumstances existed in this case, if any, to permit taxation of the deposition expenses.

Accordingly, these expenses are hereby denied. (Verified Bill of Costs, Items 20-21 & 25).

    **Service of Process.** Plaintiffs also request reimbursement of the following fees for

service of deposition subpoenas.

| | | | |
|---|---|---|---:|
| 3. | Ms. Bernadina Benítez<br>Service of subpoenas upon witnesses shown above. | $ | 80.00 |
| 12. | Liza M. Gallardo<br>Process server, services rendered in the service of eight<br>(8) subpoenas to compel the attendance of witnesses to<br>trial. | $ | 260.00 |
| 13. | Prime Paralegal Services Corp.<br>Process server, services rendered in the service of two<br>(2) subpoenas to compel the attendance of witnesses to<br>trial. | $ | 150.00 |
| | Total court reporter fees and other deposition expenses | $ | 490.00 |

    Rule 4 (c) (2) of the Federal Rules of Civil Procedure allows for the service of

process by any person who is not a party  and who is not at least 18 years of age.  It is the

policy of the Clerk of Court that service of process fees are taxable as follows:

- summons and complaint

- trial subpoenas for witnesses who testify in court

- deposition subpoenas when deposition is taxed as cost

- caring for property attached, replevied, libeled or held pending stay of execution.

- sales commissions

- insurance premiums for indemnity of marshal as required for maritime attachments.  See Taxation of Costs Guideline.

Civil No. 97-1105 (SEC)                                              Page -7-

In the case at bar, plaintiffs not only failed to submit documentation in support of

their claim, they also failed to provide the names of the witnesses who allegedly were

subpoenaed. Since non of the depositions stated above were taxed as costs, any fee paid

for service of subpoenas related to said depositions are not taxable as costs. Moreover,

any fee paid to compel a witness, that did not testify, to attend trial is not taxable as costs.

Therefore, the costs for service of subpoenas are also denied.

**Witness Fees.** Plaintiffs seek recovery of the following amounts allegedly paid to

witnesses and expert witnesses.

| Item No. | Description | Amount |
|---|---|---|
| 2. | Witness (Deposition) Fees<br>A fee of $30.00 was paid to Mr. Osmani del Pino, to Mr. José Rodríguez, to Mr. Guillermo Cidre and to Mr. Carlos Suárez to compel their attendance to their deposition. | $    120.00 |
| 6. | Carlos E. Suárez<br>Fees charged by Mr. Carlos E. Suárez, Cruisers' expert witness, for the taking of his deposition. | $    292.00 |
| 10. | Mr. Edgardo Jiménez<br>Plaintiff's expert marine surveyor, survey performed on the subject vessel and report. | $    600.00 |
| 11. | Mr. Edgardo Jiménez<br>Plaintiff's expert marine surveyor, a total of 19 hours incurred in trial preparation and court appearance on 3/8/00, 3/9/00, 3/10/00 and 3/13/00, to testify. | $  1,900.00 |
| 14. | Witness Fees<br>Mr. Guillermo Cidre , Mr. José A. Rodríguez, Dr. Juan R. Matos, Mr. Carlos Oliveros and Mr. Osmani del Pino, each was paid $30.00 to compel their attendance at trial. | $    150.00 |

| | | | |
|---|---|---|---|
| 22. | Eng. Ramón V. Echeandía<br>Plaintiffs' expert mechanical engineer. Two (2)<br>inspections of the vessel, draft report, preparation for his<br>deposition, attendance to his deposition, and conference<br>with attorneys to assist them in opposing motions for<br>summary judgment; 28 hours @ 150.00 per hour. | $ | 4,200.00 |
| 23. | Eng. Ramón V. Echeandía<br>Plaintiffs' expert mechanical engineer. Preparation for<br>trial, conference with attorneys in preparation for trial,<br>attendance at trial on 3/8/00, 3/9/00, 3/10/00 and<br>3/13/00; 25 hours @ 150.00 per hour. | $ | 3,750.00 |
| | Total witness fees | $ | 11,012.00 |

"The recovery of witness fees as costs is authorized by 28 U.S.C. § 1920 (3), and

28 U.S.C. § 1821 sets out the contents of disbursements to witnesses." Puerto Rico Ports

Authority, 193 F.R.D. at 34. Section 1821(b), states:

> A witness shall be paid an attendance fee of $40 per day for each day's
> attendance. A witness shall also be paid the attendance fee for the time
> necessarily occupied in going to and returning from the place of attendance
> at the beginning and end of such attendance or at any time during such
> attendance.

Absent explicit statutory authority to the contrary, the recovery of costs for privately-

retained expert witnesses is limited to $40.00 per day, plus transportation fees, as provided

in 28 U.S.C. § 1821 (b). Thus, costs for expert witnesses are not allowable in excess of

$40.00 per appearance, except when the witness is court appointed under 28 U.S.C. §

1920 (6). As stated, the statutory fee is only for "attendance", not for mere consultation or

for other services of experts.

It is the policy of the Office of the Clerk that, absent prior approval by the presiding

judge of the case, witnesses (including expert witnesses) are only entitled to the statutory

attendance amount of $40 per day plus transportation expenses for those days on which

trial testimony is actually given, or when a deposition is an allowable cost.

In the opposition, defendants allege that: (1) the expenses claimed are part of the

witness fees allowed under 28 U.S.C. § 1821 and, as such, are subject to its limitations;

(2) plaintiffs did not seek the Court's approval for the expenses prior to their disbursement

or trial, thus excluding the possibility of exercise of discretion by the Court; and (3) that

most of the items requested were not necessary for the case or are directly related to non-

taxable items.

Plaintiffs failed to submit supporting documentation in support of its claim and to put

the Clerk in a position to tax witness fees in excess of the statutory attendance amount.

Therefore, the Clerk of Court will tax witness fees as follows:

Since the deposition expenses were not taxed as costs, the amount of $412.00 paid

to Osmani del Pino, José Rodríguez, Guillermo Cidre and Carlos Suarez to compel their

attendance to the depositions is hereby denied. (Verified Bill of Costs, Items 2 & 6).

Regarding expert witnesses, as argued by defendants, plaintiffs did not seek the

Court's approval prior to the disbursement of the expenses claimed or before trial. The

record shows that Edgardo Jimenez testified for plaintiffs on March 13, 2000. Thus,

plaintiffs may recover $40.00 for witness fees paid to Edgardo Jimenez. (Verified Bill of

Costs, Items 10 &11).

On item 14 of the bill of costs, plaintiffs allege that a total amount of $150.00

Civil No. 97-1105 (SEC)                                                        Page -10-

($30.00 each) was paid to Guillermo Cidre, Jose A. Rodríguez, Dr. Juan R. Matos, Carlos

Oliveros and Osmani del Pino, to compel their attendance at trial. The record shows that:

Osmani del Pino testified for plaintiffs on March 6, 2000; Carlos Oliveros testified on March

7, 2000; and, Guillermo Cidre and Jose Rodriguez testified on March 8, 2000. The record

does not show that Juan R. Matos testified for plaintiffs at trial. Defendants allege that

Matos' testimony was not allowed due to the objections they filed during the pretrial hearing

and reiterated during trial. Therefore, a total amount of $120.00 is taxed as costs for

witness fees paid to Guillermo Cidre, Jose A. Rodriguez, Carlos Oliveros and Osmani del

Pino. (Verified Bill of Costs, Item 14).

The record also shows that Ramón V. Echeandía testified for plaintiffs on the 10th

and 13th day of March, 2000. Thus, the amount of $80.00 is taxed as costs for witness

fees paid to Ramón V. Echeandía. (Verified Bill of Costs, Items 22 & 23).

In conclusion, a total amount of $240.00 is taxed as costs in favor of plaintiffs for

witness fees paid. An amount for transportation expenses for plaintiffs witnesses is

disallowed without prejudice subject to the submission of mileage, fare, and any other

applicable transportation/travel expenses for said witnesses.

**Fees for Exemplification and Copies.** Plaintiffs seek recovery of $2,324.70 for

photocopies of documents (6,642 pages x 35¢). (Verified Bill of Costs, Item 15). The cost

of photocopying documents necessarily obtained for use in a case are taxable under 28

U.S.C. § 1920 (4). It is the policy of the Office of the Clerk to allow recovery of ten cents

(10¢) per copy for those documents which are introduced as evidence at trial, or attached

as an exhibit to a pleading that has been filed and served upon the opposing party. "Photocopying costs for the convenience, preparation, research, or records of counsel may not be recovered." Davis, 87 F. Supp. 2d at 88, citing Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 479 (N.D.Ga. 1995). Thus, it is also the policy of the Clerk of Court to disallow expenses for the photocopying of documents for the convenience of a party, or obtained for counsel's own use, absent court authorization. However, "[c]opies may be deemed necessary even if not used in the trial of the matter." Davis, 87 F. Supp. 2d at 88, citing Piester v. IBM Corp., 1998 WL 1267929 at 2 (1st Cir.).

In their bill of costs, plaintiffs request reimbursement for the costs of photocopies of pleadings, motions, documentary evidence, depositions, etc., that were generated during the course of the litigation. Plaintiffs failed to submit documentation in support of their claim, indicate which specific documents were copied and to explain how the copied documents were necessarily obtained for use in the case. Defendants allege that the claimed photocopies are related to the kind of litigation expenses that fall outside the scope of recoverable expenses under 28 U.S.C. § 1924 (4). Also, defendants argue that plaintiffs did not request pre-trial authorization for these expenses. As stated by defendants in their opposition, plaintiffs failed to make a distinction between taxable and non-taxable photocopy expenses. In light of the facts stated above, the reimbursement of photocopy expenses is hereby denied.

**Other Costs.** Plaintiffs also claim the reimbursement of $3,149.02 for facsimile ($482.00), postage ($120.03), messenger service ($192.50), and long distance telephone

Civil No. 97-1105 (SEC)                                              Page -12-

calls ($29.79).  (Verified Bill of Costs, Items 16-19).  Defendants argue that the facsimile,

postage, messenger service and long distance calls are not taxable as costs.  Said

reimbursement is disallowed in view of the Court's holding that "[m]essenger services,

faxes, telephone charges, postage, stamps, parking and Westlaw charges are all out-of-

pocket expenses and, therefore, not recoverable." Ramos v. Davis & Geck, Inc., 968 F.

Supp. 765, 783 (D.P.R. 1997) citing, Ralston Purina Co., 772 F. Supp. at 54 (D.P.R. 1991)

and In re San Juan Dupont Plaza Hotel Fire Litigation, 994 F. 2d 956, 964 (1st Cir. 1993).

       In the case at bar, the Clerk of Court has taxed costs notwithstanding plaintiffs

failure to comply with this Court's guidelines.  Counsel is warned that in the future, failure

to comply with said guidelines could entail disallowance of costs.

       WHEREFORE, a total amount of $390.00 is taxed as costs to plaintiffs in the above-

captioned case.  Plaintiffs shall, within ten (10) days from the date of receipt of the taxation

of costs, substantiate those claims disallowed without prejudice.  Pursuant to Fed. R. Civ.

P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the Court

upon motion served within five (5) days thereafter.

       In San Juan, Puerto Rico, this 13th day of February, 2004.


                              FRANCES RIOS DE MORAN
                              CLERK OF COURT

                              Angel A. Valencia-Aponte, Esq.
                              Chief Deputy Clerk